**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO ORLANDO LOPEZ, | No. 11-72285 |
| Petitioner, | |
| v. | Agency No. A077-067-740 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:      LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Rigoberto Orlando Lopez, a native and citizen of El Salvador, petitions pro

se for review the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and review for an abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir. 2005).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's finding that Lopez's asylum application was untimely.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction to review claims not exhausted before the BIA).

Lopez fears harm based on mistreatment he suffered during the early 1980's at the hands of Salvadorian authorities who suspected he was a guerilla.  Even if Lopez was credible, substantial evidence supports the agency's denial of withholding of removal now that the civil war is over and the guerillas have disbanded.  *See Kumar v. INS*, 204 F.3d 931, 934 (9th Cir. 2000) (presumption of future persecution was rebutted by changed country conditions); *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) (denying withholding of removal where changed country conditions rebutted presumption of future persecution).

Substantial evidence also supports the agency's denial of CAT protection because Lopez failed to demonstrate it is more likely than not he will be tortured if returned to El Salvador.  *See Sowe*, 538 F.3d at 1288-89 (evidence of changed

country conditions defeated CAT claim).  We reject Lopez's contention that the agency disregarded his CAT claim.

Finally, the BIA construed Lopez's submission of a psychological report as a motion to remand.  The BIA did not abuse its discretion in denying the motion because Lopez failed to show the report was unavailable and could not have been discovered or presented at his hearing, and failed to establish it would likely change the outcome of his proceedings.  *See Goel v. Gonzales*, 490 F.3d 735, 738-39 (9th Cir. 2007) (no abuse of discretion where evidence could have been presented at prior hearing and did not establish prima facie eligibility for relief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**